Filed 7/9/26  P. v. Adams CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| THE PEOPLE,<br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JEFFREY ROBERT ADAMS,<br>　　　Defendant and Appellant. | C103261<br><br>(Super. Ct. No. 24CF03861) |

Defendant Jeffrey Robert Adams contends the trial court erred in imposing an upper term sentence because the plea agreement did not constitute a sufficient stipulation to the aggravating factors relied on by the court.  The People assert the appeal should be dismissed because Adams did not obtain a certificate of probable cause.  We agree with the People and dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2024, police officers responding to a report of a man yelling and possibly intoxicated encountered Adams, who challenged the officers to fight, refused to follow their directions, and pulled away when the officers grabbed his arms.  In case No. 24CF03861 (case No. 861), the People charged Adams with felony resisting an executive

1

officer (Pen. Code, § 69, subd. (a); count 1)[1] and misdemeanor battery on a peace officer (§ 243, subd. (b); count 2).

In August 2024, Adams and a codefendant took five cans of beer from a convenience store without paying, and, when confronted by an employee of the store, Adams punched him in the face.  In case No. 24CM03724 (case No. 724), the People charged Adams with misdemeanor shoplifting (§ 459.5, subd. (a); count 1) and battery (§ 242; count 2).

In September 2024, Adams pled no contest to the charges in case Nos. 861 and 724.  Adams initialed box 4 on the plea form stating that the trial court could take the factual basis for the plea from the probable cause declaration and police reports summarized in the probation report, as well as the probation report itself.  Adams initialed box 4(b) next to the following sentence:  "I understand that the court cannot impose a sentence exceeding the middle term unless there are circumstances in aggravation justifying a greater term.  I understand that I have the right to a jury trial or court trial where any facts underlying an aggravating circumstance must be proven beyond a reasonable doubt."  Adams also initialed box 4(c) stating:  "I give up this right and agree that the judge may find aggravating factors based on the documents described above, and the court may sentence me to the lower, middle, or upper term."

The probation report listed as aggravating circumstances relating to the crime in case No. 724 that:  (1) the victim was particularly vulnerable, noting the assault was unexpected (Cal. Rules of Court, rule 4.421(a)(3))[2]; and (2) Adams induced another to participate in the crime, noting Adams and his codefendant entered the store to steal beer and Adams's actions indicated he was in a position of leadership or dominance over his

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  Undesignated rule references are to the California Rules of Court.

codefendant (rule 4.421(a)(4)). As aggravating factors relating to Adams in both cases, the probation report listed that: (1) Adams had engaged in violent conduct that indicated he is a danger to society, noting that Adams became combative when under the influence of alcohol (rule 4.421(b)(1)); (2) Adams's prior convictions were numerous or of increasing seriousness, noting his record of one felony and multiple misdemeanors (rule 4.421(b)(2)); and (3) Adams's prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory (rule 4.421(b)(5)).

At sentencing, the trial court observed that Adams had stipulated to the existence of aggravating factors. The court found in aggravation all the factors enumerated in the probation report and no factors in mitigation. The trial court sentenced Adams to the upper term of three years on count 1 in case No. 861 and six months concurrent on each of the remaining charges in both cases. The trial court imposed minimum mandatory fines and fees and awarded Adams presentence credit of 75 actual days and 74 conduct days for a total of 149 days.

Adams filed a timely notice of appeal in March 2025. He did not obtain a certificate of probable cause. His opening brief was filed in December 2025, and this case was fully briefed on April 27, 2026.

## DISCUSSION

Adams contends the trial court erred in imposing an upper term to count 1 in case No. 861 based on an invalid stipulation in the plea form to aggravating factors in the probation report, a procedure that Adams claims violates, among other things, Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567). (Stats. 2021, ch. 731, § 1.3.) The People respond that Adams's challenge to the stipulation is a challenge to the plea agreement, and thus the appeal should be dismissed because Adams failed to obtain a certificate of probable cause. (§ 1237.5; rule 8.304(b).) In his reply, Adams asserts that the sentence to an upper term was unauthorized, because he did not stipulate to any specified aggravating factor. We agree with the People that Adams challenges the

3

validity of the plea agreement, and therefore his appeal must be dismissed because he failed to obtain a certificate of probable cause.

Effective January 1, 2022, Senate Bill No. 567 added section 1170, subdivision (b) to limit the trial court's discretion to impose a sentence exceeding the middle term. To impose a sentence beyond the middle term, at least one aggravating factor must justify the term, and facts underlying the aggravating factor must be found true beyond a reasonable doubt at trial by the jury or a judge at a court trial, with the exception of a defendant's prior convictions, which may be determined without submission to a jury based on a certified record of conviction. (§ 1170, subd. (b)(1)-(3).)

In the plea agreement, Adams expressly waived the right to a jury or court trial for the determination of aggravating factors and authorized the trial court to find aggravating factors based on the probation report. Adams acknowledges there is no authority requiring that a defendant stipulate to specified aggravating factors under section 1170, subdivision (b). At sentencing, the trial court noted that Adams had stipulated to the existence of aggravating factors. In imposing the upper term on count 1 in case No. 861, the court found, among other things, that Adams's prior convictions were numerous and of increasing seriousness (rule 4.421(b)(2)), his prior performance on probation was unsatisfactory (rule 4. 421(b)(5), and he engaged in violent conduct indicating he is a danger to society (rule 4.421(b)(1)).

Adams's failure to obtain a certificate of probable cause prevents this court from considering his contention that the stipulation to aggravating factors in the plea agreement was invalid. A criminal defendant appealing a no contest plea without obtaining a certificate of probable cause can only challenge the denial of a motion to suppress (§ 1538.5, subd. (m)) or raise grounds arising after the entry of the plea that do not affect the validity of the plea. (*People v. Johnson* (2009) 47 Cal.4th 668, 676-677; rule 8.304(b).) Adams's claim does not fall into these categories. (§ 1237.5; *People v. Cole* (2001) 88 Cal.App.4th 850, 860.) "Even when a defendant purports to challenge

only the sentence imposed, a certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement." (*Johnson*, at p. 678.) Adams's stipulation that the trial court could consider aggravating factors based on the probation report was an integral part of his plea agreement. Accordingly, because Adams failed to obtain a certificate of probable cause, we conclude we cannot consider his claim on appeal that the stipulation was invalid.

DISPOSITION

The appeal is dismissed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
ROBIE, J.